IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-287 |
| DONTAE SMALL, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Dontae Small was sentenced to a period of twenty-nine years' imprisonment on May 3, 2018. (ECF No. 97 at 2.) Small has now filed a Motion for Compassionate Release in light of the COVID-19 Pandemic. (ECF No. 99.)[1] No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the request is DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted "by the factors set forth in section 3553(a) to the extent that they are applicable." This authority empowers the Court to reduce the sentence of an incarcerated individual who proves that documented medical conditions place him at a substantially heightened risk of suffering death or severe illness from COVID-19. *See, e.g., United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020). However, a defendant may move for a sentence reduction under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights

---

[1] Small also filed a Motion for Compassionate Release in a related case on December 4, 2020. (*See United States v. Small*, Crim. No. JKB-16-086 at ECF No. 166.) The Court denied this motion without prejudice on January 11, 2021 because Small had neither shown that he exhausted his administrative remedies nor provided medical records. (*Id.* ECF No. 170.)

1

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

On January 11, 2021, Small moved for compassionate release, claiming that he suffers from medical conditions that heighten his risk of suffering from severe illness as a result of COVID-19, including asthma and Hepatitis C. (ECF No. 99 at 1.) However, Small did not attach any medical records documenting the existence or severity of his alleged medical conditions. Moreover, Small did not satisfy § 3582's exhaustion requirement because he has not provided the Court with any records demonstrating that he has exhausted administrative remedies by making the necessary request to the warden of his facility.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and the legitimate concerns Small and his family undoubtedly feel. However, Small's filings provide no basis upon which the Court can find "extraordinary and compelling reasons" for his release. Accordingly, Small's Motion for Compassionate Release (ECF No. 99) is DENIED without prejudice to reconsideration upon his filing of an updated motion attaching evidence of Small's exhaustion of administrative remedies, medical records, and any additional relevant documentation. Such a motion should also address the factors set forth in 18 U.S.C. § 3553(a), especially in light of the very few years that have elapsed since Small's twenty-nine-year sentence was entered in 2018.

DATED this __1__ day of March, 2021.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge